UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LASHAWN HIGGS, Legal Guardian on behalf of JAYDEN HIGGS, | ) ) ) |
| Plaintiff, | ) Case No. 24-cv-02252 ) ) Judge Franklin U. Valderrama |
| vs. | ) ) |
| | ) Magistrate Judge Beth W. Jantz |
| POLICE OFFICER DANIEL URBANSKI; POLICE OFFICER ROGER FARIAS; POLICE OFFICER GABRIEL NAVARRO; POLICE OFFICER RYAN TRUJILLO; POLICE OFFICER FREDY SOTELO; DETECTIVE MICHAEL KILLEEN; and, and CITY OF CHICAGO, | ) ) ) ) ) Trial By Jury Demanded ) ) ) |
| Defendants. | ) |

SECOND AMENDED COMPLAINT AT LAW

NOW COMES Plaintiff, LASHAWN HIGGS, Legal Guardian on behalf of JAYDEN HIGGS, by and through her attorney, David S. Lipschultz, and in support of her Complaint at Law against the Defendants, Police Officer Daniel Urbanski; Police Officer Roger Farias; Police Officer Gabriel Navarro; Police Officer Ryan Trujillo; Police Officer Fredy Sotelo; Detective Michael Killeen; and City of Chicago, state as follows:

JURISDICTION AND VENUE

1. This action is brought pursuant to the United States Constitution, 42 U.S.C. §1983 and §1988 (the Civil Rights Act of 1871), and the laws of the State of Illinois to redress deprivations of the civil rights of the Plaintiff, accomplished by acts and/or omissions of the Defendants and committed under color of law.

2. This Court has jurisdiction under and by virtue of 28 U.S.C. §1343, §1331 and §1367.

1

3.	Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, as the acts complained of took place in this judicial district.

PARTIES

4.	Plaintiff, Lashawn Higgs ("Lashawn"), is a resident of the City of Chicago, County of Cook, State of Illinois.

5.	Plaintiff, Jayden Higgs ("Jayden"), is a resident of the City of Chicago, County of Cook, State of Illinois.

6.	Jayden is a disabled adult man.

7.	On July 22, 2025, in the Circuit Court of Cook County, Probate Division, Case No. 2025P003114, Judge Aicha M. MacCarthy entered an Order Appointing Lashawn Higgs as Plenary Guardian of Jayden Higgs, deeming Jayden Higgs a Person With a Disability.

8.	At all relevant times herein referenced, Defendant Police Officer Daniel Urbanski, Star No. 19189 ("Officer Urbanski"), was employed by the City of Chicago as a sworn police officer. He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Officer Urbanski was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

9.	At all relevant times herein referenced, Defendant Police Officer Roger Farias, Star no. 9942 ("Officer Farias"), was employed by the City of Chicago as a sworn police officer. He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Officer Farias was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

10.	At all relevant times herein referenced, Defendant Police Officer Gabriel Navarro, Star No. 7268 ("Officer Navarro"), was employed by the City of Chicago as a sworn police

officer. He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Officer Navarro was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

11. At all relevant times herein referenced, Defendant Police Officer Ryan Trujillo, Star No. 16453 ("Officer Trujillo"), was employed by the City of Chicago as a sworn police officer. He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Officer Trujillo was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

12. At all relevant times herein referenced, Defendant Police Officer Fredy Sotelo, Star No. 15400 ("Officer Sotelo"), was employed by the City of Chicago as a sworn police officer. He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Officer Sotelo was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

13. At all relevant times herein referenced, Defendant Detective Michael Killeen, Star No. 20104 ("Detective Killeen"), was employed by the City of Chicago as a sworn police officer. He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Detective Killeen was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

14. At all relevant times herein referenced, Defendant, City of Chicago, is a governmental entity formed pursuant to the laws of the State of Illinois. Officers Urbanski, Trujillo, Navarro, Farias, Sotelo and Detective Killeen ("Defendant Officers") were employed by City of Chicago as sworn police officers, and at the time of the incident at issue the Defendant

Officers were acting within the scope of their employment for City of Chicago and under color of law.

## ALLEGATIONS

15. On the evening of August 11, 2022, Jayden was walking with friends and acquaintances near 5320 South May Street, in Chicago, Illinois.

16. Officers Urbanski, Trujillo, Navarro, Farias and Sotelo arrived at Jayden's location.

17. Mr. Higgs remained at the location while the others he was with ran away.

18. Mr. Higgs did not say or do anything to place the officers or others in the area in fear or at risk of harm.

19. Nonetheless, Officer Urbanski wrapped his arms around Mr. Higgs.

20. Officer Urbanski, while constraining Mr. Higgs, shot Mr. Higgs in his head.

21. Officers Urbanski, Trujillo, Navarro, Farias and Sotelo arrested Jayden.

22. Officer Killeen later participated in the arrest and prosecution of Jayden.

23. Jayden was taken to the University of Chicago Hospital.

24. Officers Urbanski inflicted severe injuries upon Jayden.

25. As a result of the Defendants Officers' conduct Jayden suffered physical and emotional injuries, pain and suffering, medical treatment and bills, constitutional violations, loss of liberty, and other losses and expenses.

## COUNT I
## SECTION 1983 EXCESSIVE FORCE
## AGAINST OFFICER URBANSKI

26. The Plaintiffs re-allege and incorporate herein the allegations of paragraphs 1 through 25.

27. The force used by Officer Urbanski against Jayden constituted excessive force in violation of the Plaintiff's Fourth Amendment Rights of the U.S. Constitution and 42 U.S.C. §1983.

28. The force used by Officer Urbanski against Jayden was objectively unreasonable and excessive, and was undertaken intentionally, with malice, and with reckless indifference to the Plaintiff's constitutional rights.

29. As a direct and proximate result of this unjustified and excessive use of force, Jayden suffered injuries including, but not limited to, physical injuries, pain and suffering, emotional anguish, humiliation, and monetary loss and expenses.

WHEREFORE, the Plaintiff, Lashawn Higgs, Legal Guardian on behalf of Jayden Higgs, prays for judgment against Police Officer Daniel Urbanski for compensatory damages, punitive damages, the costs of this action, attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

COUNT II
42 U.S.C. §1983 FALSE ARREST
AGAINST OFFICERS URBANSKI, TRUJILLO, FARIAS,
NAVARRO, SOTELO & DETECTIVE KILLEEN

30. The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 25.

31. Officers Urbanski, Trujillo, Navarro, Farias, Sotelo and Detective Killeen did not have probable cause or any other legal basis to arrest Jayden.

32. The actions of the Defendant Officers violated the Jayden's Fourth Amendment Rights and were in violation of said rights protected by 42 U.S.C. §1983.

WHEREFORE, the Plaintiff, Lashawn Higgs, Legal Guardian on behalf of Jayden Higgs, prays for judgment against Police Officer Daniel Urbanski; Police Officer Roger Farias; Police

Officer Gabriel Navarro; Police Officer Ryan Trujillo; Police Officer Fredy Sotelo; and Detective Michael Killeen, for compensatory damages, punitive damages, the costs of this action, attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

## COUNT III
## ILLINOIS LAW CLAIM - INDEMNIFICATION
## AGAINST CITY OF CHICAGO

33. The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 32.

34. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

35. At all times relevant to this incident, Police Officer Daniel Urbanski; Police Officer Roger Farias; Police Officer Gabriel Navarro; Police Officer Ryan Trujillo; Police Officer Fredy Sotelo; and Detective Michael Killeen, were employees of the City of Chicago, and they acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, the Plaintiff, Lashawn Higgs, Legal Guardian on behalf of Jayden Higgs, prays that should this Court enter judgment in their favor and against Officers Daniel Urbanski, Roger Farias, Gabriel Navarro, Ryan Trujillo, Fredy Sotelo, and/or Detective Michael Killeen, the City of Chicago will be ordered to pay the Plaintiff any judgment for compensatory damages obtained against those Defendants.

<u>JURY DEMAND</u>

Plaintiff prays for trial by jury.

Respectfully submitted,

LASHAWN HIGGS, Legal Guardian
on behalf of JAYDEN HIGGS

/s/ David S. Lipschultz
David S. Lipschultz

David S. Lipschultz
Law Offices of David S. Lipschultz, Inc.
200 S. Michigan Avenue, Suite 201
Chicago, Illinois 60604
Telephone: 312-414-1778
Fax: 312-414-1887
Email: david@dsllawoffice.com

7